**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **ENTERTAINMENT AFFILIATES, L.L.C.**, <br><br> *Plaintiff,* <br><br> v. <br><br> **ACTIVE8 SOFTWARE LLC, and ROLLER NETWORKS PTY LTD.**, <br><br> *Defendants.* | Case No. 4:24-cv-00027 |

**NOTICE OF REMOVAL BY DEFENDANT ROLLER NETWORKS PTY LTD.**

Defendant **Roller Networks Pty Ltd.**, ("Roller AU") hereby submits this Notice of Removal of the action from the 467th Judicial District Court of Denton County, Texas, to the United States District Court for the Eastern District of Texas, Sherman Division, the District and Division encompassing the state court in which this action is pending. 28 U.S.C. § 124(c)(3).  Roller AU invokes this Court's jurisdiction under the provisions of 28 U.S.C. § 1441(a)-(c) and 28 U.S.C. § 1332 and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446(b)-(c). In support, Roller AU respectfully shows the Court as follows:

**I.      SUMMARY OF NOTICE**

1.      On December 28, 2023 Plaintiff Entertainment Affiliates, L.L.C., ("Plaintiff") filed its *Original Petition and Application For Temporary Restraining Order, and Temporary and Permanent Injunction and Motion For Expedited Discovery* (the "Petition") in the 467th Judicial District Court of Denton County, Texas, styled *Entertainment Affiliates, L.L.C., v. Active8 Software LLC, et al.,* and designated as Case No. 23-11700-

467 (the "State Court Action").  In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders received by Roller AU from Plaintiff in the State Court Action and those records obtained directly from the Court's file for this Action are attached hereto and included in **Exhibit 1**.

2. Complete diversity exists between the parties to the State Court Action and the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Citations have been issued, however, neither Active8 Software LLC ("Active8") nor Roller AU have been properly served with the process and joined in the State Court Action. Accordingly, based on diversity, the State Court Action should be removed and subsequently adjudicated under this Court's jurisdiction.

## II.     BACKGROUND

3. In Plaintiff's Petition, Plaintiff alleges Active8 breached the software service agreement (the "Software Agreement") between Plaintiff and Active8 by "retiring" the Active8 platform and transitioning the Service onto Roller's[1] platform.[2] Plaintiff claims this transition is a "termination of the Service without proper grounds," therefore, a breach by Active8, which Plaintiff appears to assert excuses Plaintiff's non-compliance with the Software Agreement by failing to accept the update to the Service.[3]

4. For context, the Software Agreement executed on or around April 7, 2022, generally provides Active8 would provide Plaintiff with a license to use Active8's service software, in exchange for monthly payment and continued proper use by Plaintiff, for an

---

[1] Roller AU is the parent company of ROLLER Software USA, Inc., the Roller entity that acquired Active8 Software LLC and maintains the Roller platform at issue in this matter.
[2] *See* Plaintiff's Original Petition, pgs. 10-11, attached as Exhibit 1-2.
[3] *Id.*

initial 5-year term.[4] The "Service" as described by the Software Agreement, means "the Active8 product or application, including any modifications or updates thereto and as made generally available by Active8…"[5] The functionality of the Service is described as "a web-based application designed that provided Point of Sale services, Birthday Party Booking, Birthday Party Management, Online Ticket Purchase, Electronic Waivers, Customer Account Management, Employee Scheduling, and Employee Time Clock."[6]

5. On June 20, 2022, Active8 promptly notified all its customers, including Plaintiff, of the Roller merger and transition onto the Roller platform. Active8 further agreed to provide support for the smooth transition at its own expense. Plaintiff, unjustifiably, was not satisfied with Active8's assurances and has now held Active8 and Roller hostage for **over a year and a half**, by forcing Active8 to continue operating a now retired platform at its own costs, to appease Plaintiff and supposedly allow time for discussions of compromise and resolution. Unsurprisingly, discussions failed as a compromise could not be reached by the parties.

6. No longer able to delay Active8 from justifiably terminating Plaintiff's access to the Service, Plaintiff is now seeking judicial intervention by requesting a state court order inappropriate mandatory injunctive relief against Active8 and Roller AU.[7]

---

[4] *See generally* the Software Agreement (an exhibit to Plaintiff's Original Petition) attached hereto as Exhibit 1-2, beginning at pg. 30.
[5] *Id.* at pg. 30.
[6] *Id.* at pg. 40.
[7] *Id.* at pg. 17.

### III.     BASIS FOR REMOVAL

A.     <u>Diversity Jurisdiction. 28 U.S.C. § 1332(a).</u>

7.     This action is removable to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction based on the diversity of citizenship of the parties and the amount in controversy exceeds $75,000, excluding interest and costs. *See* 28 U.S.C. § 1332(a).

*i.     Citizenship*

8.     **Plaintiff's Citizenship.** Plaintiff Entertainment Affiliates, L.L.C., a limited liability company formed and operated under the laws of the State of New Jersey. However, because it is a limited liability company, it is treated as an unincorporated association, meaning its citizenship is to be determined by reference to the citizenship of all of its constituent members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Plaintiff's managing member, Robert Pagano, is a citizen of New Jersey. Plaintiff does not have members who are citizens of Texas or Australia.

9.     **Defendant Active8's Citizenship.** Defendant Active8 Software LLC is a limited liability company, formed and operated under the laws of Texas. Active8's members are citizens of Texas. Active8 has not been served with process in the State Court Action.

10.     **Defendant Roller AU's Citizenship.** Defendant Roller Networks Pty Ltd. is a foreign corporation, formed and operated under the laws of Australia. Roller AU's principal place of business is in South Melbourne, Victoria. Accordingly, Roller AU is a citizen of Victoria, Australia, subject to this Court's alienage jurisdiction. *See* 28 U.S.C. § 1603(a)-(b).

11. Roller AU is seeking removal under 28 U.S.C. § 1441 because complete diversity exists among the parties in the State Court Action. Federal Rule of Civil Procedure § 1441(b)(2), known as the "forum-defendant rule," prevents a defendant that is a citizen of the state in which the action is brought from removing the proceeding to federal court. However, in *Texas Brine*, the Fifth Circuit held, the forum-defendant rule does not prevent a diverse defendant from removing an otherwise removable action if a forum-defendant has not yet been properly joined and served. *See Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020).

12. Here, while Active8 is a Texas citizen subject to Texas state court jurisdiction, removal by Roller AU, a non-Texas citizen, is proper because Active8 has not yet been served and joined in the State Court Action.

13. Accordingly, Roller AU, a citizen of Australia, seeks removal of this action as complete diversity exists between Plaintiff and Defendants.

### ii. Amount in Controversy

14. The value of Plaintiff's claims exceeds $75,000, exclusive of interest and costs. Plaintiff seeks, among other things, an award against Defendants greater than $250,000 and less than $1,000,000 for damages.[8]

15. Accordingly, Roller AU alleges that the sum of the damages sought by Plaintiff exceeds $75,000 and the amount in controversy requirement therefore is satisfied. "[A]s specified in § 1446(c)(2)(B), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

---

[8] *Id.* at pg. 1.

B. **Procedure for Removal of Civil Actions. 28 U.S.C. § 1446.**

16. Procedural requirements for removal have been satisfied as follows:

17. **Removal is Timely**. The Petition was filed on December 28, 2023.[9] Undersigned counsel received a copy of the Petition via e-mail from Plaintiff's counsel on December 28, 2023. Roller AU received notice of the Petition the same day, through undersigned counsel. Therefore, this Notice of Removal is "filed within thirty [30] days after receipt by the defendant . . . of a copy of the initial pleading" in accordance with the time period mandated by 28 U.S.C. § 1446(b).

18. **Removal to Proper Court.** Pursuant to 28 U.S.C. §1441(a), Roller AU is filing this Notice of Removal in the federal district embracing the state court where the State Court Action is pending, which is Denton County.

19. **Consent.** No additional consent is needed. Generally, all defendants in the action must join in or consent to removal. *McCrary v. Kansas City S. R.R.*, 121 F. Supp. 2d 566, 570 (E.D. Tex. 2000). However, the general rule does not apply to defendants not yet properly joined and served. 28 U.S.C. § 1446(b)(2)(B); *Tilley v. Tisdale*, 914 F. Supp. 2d 846, 850 (E.D. Tex. 2012). Here, there is no indication on the docket that the other defendant, Active8, has been served in the State Court Action.[10] Active8 has further not made an appearance in lieu of service and therefore has not been joined to the State Court Action.[11] As there is no indication of service or an appearance by Active8, its consent is not needed for removal.

20. **Pleadings and Process.** Pursuant to 28 U.S.C. § 1446(a), a true and

---

[9] *Id.*
[10] *See* Exhibit 1-1.
[11] *Id.*

correct copy of all process, pleadings, and orders in the State Court Action, as well as those documents obtained directly from the Court's file for this Action, are attached hereto and included in **Exhibit 1**.

21. **Notice.** Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff, and Roller AU will comply with the local rules through its further filings herein. Roller AU will also promptly file a copy of this Notice with the Clerk of the 467th Judicial District Court of Denton County, Texas.

### IV.   CONCLUSION & PRAYER

22. By this Notice of Removal and accompanying documents, Roller AU does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action.  Roller AU intends no admission of fact, law or liability by this Notice, and it expressly reserves all defenses, motions and/or pleas. Roller AU prays that the State Court Action now pending against it in the 467th Judicial District Court of Denton County, Texas be removed therefrom to this Court.

Respectfully submitted,

_____
**Robert J. Bogdanowicz III**
Texas Bar No. 24064916
rob@burkebog.com

**Alexia P. Nicoloulias**
Texas Bar No. 24125827
anicoloulias@burkebog.com

**BURKE BOGDANOWICZ PLLC**
1201 Elm Street, Suite 4000
Dallas, Texas 75270
Tel. (214) 888-2824

**Attorneys for Defendant
Roller Networks Pty Ltd.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 11, 2024, pursuant to Fed.R.Civ.P. 5(b)(1), (2)(C), a copy of the above and foregoing filing was served electronically via the Court's CM/ECF System to all counsel of record.

_____
**Alexia P. Nicoloulias**